UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL EASTERLING,<br>    Plaintiff,<br>    v.<br>ERWIN,<br>    Defendant. | Case No. 16-cv-00468-JCS (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

In this federal civil rights action brought under 42 U.S.C. § 1983, plaintiff, a state prisoner proceeding pro se, alleges defendant, a physician at Salinas Valley State Prison, failed to treat his fractured finger and thereby violated the Eighth Amendment. The complaint is now before the Court for review under 28 U.S.C. § 1915A(a).[1]

The complaint states a cognizable claim. Therefore, in response to the complaint, defendant is directed to file a dispositive motion or notice regarding such motion on or before July 18, 2016. The Court further directs that defendant is to adhere to the notice

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Compl. at 4.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

provisions detailed in Sections 2.a and 10 of the conclusion of this order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that on June 5, 2015 he injured his left index finger while playing basketball at Salinas Valley State Prison. He immediately sought medical treatment. X-rays showed he had a "major dislocation" and a "fracture." Even after seeing the x-rays, Dr. Erwin, a physician at Salinas Valley, gave him no treatment and asked prison guards to escort plaintiff out.

The next day, his hand became numb and turned purple. When it was seen by prison medical staff, they sent plaintiff to a hospital, where his finger was reset. He was then scheduled for emergency surgery to treat the fracture and a tear to his left index finger.

Plaintiff alleges these facts show that Erwin was deliberately indifferent to his serious medical needs. When liberally construed, plaintiff's claim is cognizable under section 1983.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and a Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Docket No. 1), all attachments thereto, and a copy of this order upon Dr. Erwin, a physician at Salinas Valley State Prison. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. No later than ninety (90) days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

1   3.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
2   and served on defendant no later than forty-five (45) days from the date defendant's
3   motion is filed.

4   4.   Defendant shall file a reply brief no later than fifteen (15) days after
5   plaintiff's opposition is filed.

6   5.   The motion shall be deemed submitted as of the date the reply brief is due.
7   No hearing will be held on the motion unless the Court so orders at a later date.

8   6.   All communications by the plaintiff with the Court must be served on
9   defendant, or defendant's counsel once counsel has been designated, by mailing a true
10  copy of the document to defendant or defendant's counsel.

11  7.   Discovery may be taken in accordance with the Federal Rules of Civil
12  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
13  Rule 16-1 is required before the parties may conduct discovery.

14  8.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
15  court informed of any change of address and must comply with the court's orders in a
16  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
17  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18  9.   Extensions of time must be filed no later than the deadline sought to be
19  extended and must be accompanied by a showing of good cause.

20  10.  A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs
21  be given "notice of what is required of them in order to oppose" summary judgment
22  motions at the time of filing of the motions, rather than when the court orders service of
23  process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939–41
24  (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when they file
25  and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

4

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:** April 19, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL EASTERLING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERWIN,<br><br>　　　　Defendant. | Case No.　16-cv-00468-JCS<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on April 19, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamal  Easterling ID: F-41722      C1-2266
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960


Dated: April 19, 2016

　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　Karen Hom, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable JOSEPH C. SPERO