UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL EASTERLING,<br>        Plaintiff,<br>   v.<br>ERWIN,<br>        Defendant. | Case No. 16-cv-00468-JCS (PR)<br><br>**ORDER RE: DIRECTIONS TO PLAINTIFF;**<br><br>**VACATING BRIEFING SCHEDULE** |

      This order provides instructions to plaintiff regarding service of his complaint.

      The sole defendant in this action, Dr. Erwin, remains unserved, his summons having been returned as unexecuted. (Docket No. 9.) Salinas Valley State Prison authorities state that no one named Erwin works for the prison or is employed there under contract. (*Id.*)

      Plaintiff is directed to comply with the following. He must provide the Court with Erwin's current address so that the complaint can be served on him. In cases where the plaintiff proceeds *in forma pauperis*, "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, the plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

      Here, plaintiff's complaint has been pending for over 120 days, and, consequently,

absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendant, Erwin. *See* Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve this defendant, plaintiff must remedy the situation or face dismissal of his claims against Erwin. *See Walker*, 14 F.3d at 1421–22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself serve the unserved defendant with the summons and complaint, or provide the Court with the information described above so that the Marshal is able to serve such defendants. **If plaintiff fails to effectuate service, or to provide the Court with an accurate current location or other information for the defendant on or before September 5, 2016, plaintiff's claims against the unserved defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The current briefing schedule, which directed that defendant file a dispositive motion by July 18, 2016, is VACATED. When the defendant has been served, the Court will set a new briefing schedule.

**IT IS SO ORDERED.**

**Dated:** August 4, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMAL EASTERLING,

    Plaintiff,

  v.

ERWIN,

    Defendant.

Case No.  16-cv-00468-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 4, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamal Easterling ID: F-41722     C1-2266
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: August 4, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

3